UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA ZVORYGINA,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN OTAY MESA DETENTION CENTER, et al.<br><br>                                    Respondents. | Case No.:  26-CV-980 JLS (DEB)<br><br>**ORDER DIRECTING COUNSEL FOR PETITIONER TO FILE AN AMENDED PETITION**<br><br>(ECF No. 1) |

Presently before the Court is Olga Zvorygina's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  As the Court has noted before to Petitioner's counsel, the Petition was filed using the Southern District's pro se habeas petition form despite Petitioner having representation in this matter.  *See generally* Pet.; *see also Ogannisian Geros v. Warden of Otay Mesa Detention Center*, 26-CV-91 JLS (AHG), ECF Nos. 2, 5; *Anton Vinogradov v. Warden of Otay Mesa Detention Center*, 26-CV-497 JLS (SBC), ECF No. 2.  The Court cautions Petitioner's counsel that its patience is growing thin, and any amended petition must provide sufficient factual details for the Court to meaningfully consider Petitioner's requests for relief. If Petitioner's Counsel continues this pattern, the Court will consider sanctions.

1

Accordingly, the Court **ORDERS** Petitioner's counsel to file an amended petition[1] within <u>thirty (30) days</u> of entry of this Order.

**IT IS SO ORDERED.**

Dated:  February 17, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court also notes that a petition for writ of habeas corpus must name the warden of the facility where the petitioner is detained as respondent, as required by 28 U.S.C. § 2243.  A failure to do so means the Court lacks jurisdiction over the petition. *See Mukhamadiev v. U.S. Dep't of Homeland Security*, No. 25-cv-1017-DMS-MSB, 2025 WL1208913, at *3 (S.D. Cal. Apr. 25, 2025).

26-CV-980 JLS (DEB)